UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MICHAEL KEEGAN,

        Petitioner,

                            CASE NO. 04-CV-74718-DT

v.                               HONORABLE PATRICK J. DUGGAN

PAUL RENICO,

        Respondent.

_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 28, 2005.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

James Michael Keegan ("Petitioner"), a state prisoner currently confined at the

Mid-Michigan Correctional Facility in St. Louis, Michigan, has filed a *pro se* petition for

writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is incarcerated in

violation of his constitutional rights. Paul Renico ("Respondent") has filed a motion for

summary judgment seeking dismissal of the petition for failure to comply with the one-

year statute of limitations applicable to federal habeas actions. For the reasons set forth

below, the Court grants Respondent's motion and dismisses the petition for writ of habeas

corpus.

1

## I.  Facts and Procedural History

Petitioner was convicted of one count of second-degree criminal sexual conduct and two counts of third-degree criminal sexual conduct in January 1995, following a bench trial in the Wayne County Circuit Court.  On January 27, 1995, Petitioner was sentenced to concurrent terms of two to fifteen years imprisonment on those convictions. Petitioner did not file a direct appeal in the Michigan courts.  *See* Pet. App. A at 1.

On October 10, 2002, Petitioner filed a motion for relief from judgment with the trial court, which was denied on February 3, 2003.  *See id*.  The Michigan Court of Appeals subsequently denied Petitioner's delayed application for leave to appeal.  *People v. Keegan*, No. 252897 (Mich. Ct. App. March 15, 2004).  Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which also was denied.  *People v. Keegan*, 471 Mich. 897, 688 N.W.2d 85 (2004).

Petitioner signed the instant petition for writ of habeas corpus on November 30, 2004; the petition was filed in this Court on December 3, 2004.  On June 1, 2005, Respondent filed the instant motion for summary judgment, asserting that the petition should be dismissed for failure to comply with the one-year statute of limitations established by 28 U.S.C. § 2244(d)(1).  Petitioner has not filed a response to the motion.

## II.  Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996.  The AEDPA governs the filing date for this case because Petitioner filed his pleadings after the AEDPA's effective date.  *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 2068 (1997).

2

The AEDPA establishes a one-year period of limitations for habeas petitions brought by

prisoners challenging state court judgments.  Specifically, the revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's convictions became final before the AEDPA's effective date.  After

Petitioner was sentenced and a final judgment was entered on January 27, 1995, he had at

most twelve months to pursue a direct appeal with the Michigan Court of Appeals.  *See*

Mich. Ct. R. 7.205(F)(3).  Petitioner did not file a direct appeal and thus his convictions

became final at the latest on January 27, 1996.  Prisoners whose convictions became final

3

prior to the AEDPA's effective date are given a one-year grace period in which to file their federal habeas petitions. *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001)(citations omitted). Accordingly, Petitioner was required to file his federal habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his motion for relief from judgment with the state trial court until October 10, 2002. As a result, the one-year limitations period had expired well before Petitioner sought state post-conviction review. A state court post-conviction motion that is filed following the expiration of the AEDPA's limitations period cannot toll that period because there is no period remaining to be tolled. *Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). As a result, Petitioner's state post-conviction proceedings did not toll the running of the statute of limitations. The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *Searcy*, 246 F.3d at 519. The instant petition is thus untimely and subject to dismissal.

Petitioner does not assert that the State created an impediment to filing his habeas petition or that his claims are based upon newly-discovered evidence or newly-created rights which would warrant habeas relief. Petitioner's habeas action is thus barred by the statute of limitations set forth at 28 U.S.C. § 2244(d).

4

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is subject to equitable tolling.  In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988).   The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for  filing his claim.

*Dunlap*, 250 F.3d at 1008.

In this case, Petitioner sets forth no circumstances which caused him to file his state court collateral proceedings or his federal habeas proceedings after the expiration of the one-year limitations period.  The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.  *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004), *cert. den.* _ U.S. _, 125 S. Ct. 200 (2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

The Sixth Circuit recently held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1).

*Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway,* 166 F. Supp. 2d at 1190.  As the *Souter* court stated, "[t]o establish actual innocence, 'a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'"  *Souter*, 395 F.3d at 590 (quoting *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 867-68 (1995)).  A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial."  *Schlup*, 513 U.S. at 324, 115 S. Ct. at 865.  It is important to note that "'[a]ctual innocence means factual innocence, not mere legal insufficiency.'"  *Souter*, 395 F.3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998)).  Petitioner does not claim that he is factually innocent of the crimes of which he was convicted.  He has not presented evidence to demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.  He has thus failed to demonstrate that he is entitled to equitable tolling of the one-year period.

### III.  Conclusion

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition.

Accordingly,

**IT IS ORDERED**, that Respondent's motion for summary judgment is **GRANTED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
James Michael Keegan
#241437
Mid-Michigan Corr. Facility
8201 N. Croswell Rd.
St. Louis, MI 48880

Brenda Turner, Esq.